Barger *et al. v.* Jones.

---

JOHN S. BARGER *et al.*, appellants, *v.* JOHN T. JONES, Commissioner of School Lands, &c., appellee.

*Appeal from Morgan.*

The Commissioners of school lands have authority to sell the sixteenth or school sections in their respective counties; and they may sell the same in town lots or other small subdivision; and a note, given in consideration of the sale of such a town lot, is founded upon a good and valid consideration.

*Semble,* That under § 4 of the act of Feb. 15, 1831, the trustees may lay off the school lands into lots of such size as they may deem most advantageous.

A purchaser of school lands, from a Commissioner of school lands, cannot object that the terms of the sale were for cash, or on a credit of twelve months, at the option of the purchaser.

The act of 1833, allowing a credit on school lands, is not mandatory; it is only permissive.

WM. BROWN, for the appellants, cited Laws of 1835, 27; Gale's Stat. 633; R. L. 566; 5 Johns. 53; 6 Wend. 112; 1 Paige 442; 4 Wheat. 228; Chit. on Cont. 3–4, 13—16, 222; Powell on Cont. 4; 12 Johns. 191, 450.

WM. THOMAS, for the appellee.

SEMPLE, Justice, delivered the opinion of the Court:

This was action of *debt* on a promissory note, brought by John T. Jones, commissioner of school lands of Morgan county, against John S. Barger and Othrey Wilkinson. The defendants pleaded several pleas, to which the plaintiff filed demurrers, which were sustained, and judgment rendered for the plaintiffs for the amount of the note and interest. The case comes here by appeal.

I consider it unnecessary to notice the pleadings particularly, as they are all founded on the supposition that the note was given without consideration, because the school commissioner of Morgan

(1) McIntosh *v.* Chew, 1 Blackf. 290.

county had no authority to sell the lands in the section number sixteen [16], in township seventeen [17] north, range nine [9] west of the third principal meridian, situate in Morgan county. This question has been decided in the case of Bradley *v.* Case, (1) at this term of the Court, and according to the decision in that case, there is no error in the record so far as this question is concerned.

There is, however, another question in this case, which it will be necessary to notice. It appears that the school commissioner laid off a part of the section above mentioned, into town lots, and the note was given for the purchase of several of these lots. It is objected that the school commissioner had no authority for subdividing said land in this manner, and that therefore the sale was void. I think there can be no objection to this mode of subdividing the section.

The fourth section of the act of the 15th February, 1831, provides, that " The trustees shall proceed, previous to the lands being offered, to value each half-quarter, or other smaller subdivision, if they shall deem it advantageous to sell in smaller quantities, and shall make out a map of the said school lands, with the several tracts marked and numbered, &c. It would seem from the general terms of this act, that the trustees might lay off the school lands in such sized tracts, or lots, as they might deem most advantageous to the school fund. It certainly does not lie with the defendant to object that part of the land, adjoining the lots which he purchased, was laid off into streets and public squares.

The pleas also set out the fact that the lots purchased by the defendant, were sold on a credit of twelve months, or for cash, at the option of the purchaser. This is set up as an unlawful act on the part of the school commissioner; and it is alleged that, therefore, the consideration of the note has' failed. The act of the 12th January, 1833, (2) allowing a credit on school lands, is not mandatory, but only permissive, and the credit may be given when the inhabitants of the township shall petition to have it, in which case the credit is to be for one, two, and three years. Here the credit was at the election of the purchaser, and he will not be allowed now to take advantage of his own act to avoid the sale. It is no where averred in the pleas, that in consequence of any irregularity in the sale, the Governor has refused to issue a patent for the lands purchased, or that the title cannot become vested in the defendant. There is, therefore, no want or failure of consideration for the note sued on.

The assignment of error complains that the Circuit Court gave judgment for 20 per cent. interest on the note. It does not appear from the record that such rate of interest was allowed, or given in the rendition of judgment below. There is, therefore, no error in the record. The judgment is affirmed with costs.

(1) *Ante* 585.　　　　　　　　　　　(2) R. L. 566; Gale's Stat. 633.

Barger *et al. v.* Jones.

TREAT and DOUGLASS, Justices, dissented from so much of the opinion of the Court, as decides the sale of school lands to be valid; and CATON, Justice, said he was not prepared to concur with the opinion of the majority of the Court.

*Judgment affirmed.*